# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

---

**SEAQUIST CLOSURES LLC,**
         **Plaintiff,**

    **v.**                                    **Case No. 08C0106**

**REXAM PLASTICS, et al.,**
         **Defendants.**

---

## DECISION AND ORDER

On January 28, 2008, plaintiff brought this action alleging that defendants' manufacture and sale of closure systems infringed plaintiff's patent. Subsequently, defendants filed a request for inter partes reexamination of plaintiff's patent in the United States Patent and Trademark Office ("PTO") pursuant to 35 U.S.C. § 311, and also filed a motion to stay the present action pending the outcome of a reexamination. Recently, the PTO rejected defendants' request for reexamination on procedural grounds, but authorized defendants to refile. Defendants have refiled, and their request is pending before the PTO.

Reexamination allows the PTO to reconsider the validity of an existing patent. 35 U.S.C. §§ 301, et seq. "One purpose of the reexamination procedure is to eliminate trial of that issue . . . or to facilitate trial of that issue by providing the district court with the expert view of the PTO." Gould v. Control Laser Corp., 705 F.2d 1340, 1342 (Fed. Cir. 1983). Congress intended reexamination to be a "useful and necessary alternative for challengers and for patent owners to test the validity of United States patents in an efficient and relatively inexpensive manner," H.R. Rep. No. 96-1307, Pt. I, at 4 (1980), reprinted in 1980 U.S.C.C.A.N. 6460, 6463, thereby allowing courts to avoid expending unnecessary

judicial resources by attempting to resolve claims which may be "amended, eliminated or lucidly narrowed by the patent reexamination process and the expertise of its officers." See Hewlett-Packard Co. v. Acuson Corp., 1993 WL 149994, at *2 (N.D. Cal. May 5, 1993).

A district court has the inherent power to control its own docket, including the power to stay proceedings. Ethicon, Inc. v. Quigg, 849 F.2d 1422, 1426-27 (Fed. Cir. 1988). In deciding whether to stay litigation pending reexamination, courts have considered: (1) whether litigation is at an early stage; (2) whether a stay will simplify the issues in question and trial of the case; and (3) whether a stay would unduly prejudice or present a clear tactical disadvantage to the nonmoving party. EchoStar Techs. Corp. v. TiVo, Inc., 2006 WL 2501494, at *1 (E.D. Tex. July 14, 2006).

The present case is at an early stage of litigation. I have not yet entered a scheduling order. These circumstances weigh in favor of a stay. Plaintiff argues that because discovery has not progressed significantly, a stay might result in evidence being lost or witnesses' memories fading. However, plaintiff points to no specific evidence or witnesses. Further, I have allowed plaintiff to engage in some discovery in response to this concern.

Additionally, while reexamination will not resolve all issues in the case, it will simplify them. Defendants assert that the patent-in-suit is invalid and unenforceable in light of prior art that the PTO did not consider before issuing the patent. If the PTO reexamines the patent in light of such art, it is statistically likely that one or both of the claims in question will be affected. And because any PTO proceeding will be inter partes, the results of that

2

proceeding will be binding on the parties to this litigation, see 35 U.S.C. § 315(c), and thus will resolve one of defendants' invalidity defenses.

Finally, a stay will not unduly prejudice plaintiff. Should plaintiff ultimately prevail, it will be able to recover any damages it incurs as the result of defendants' continued manufacture and sale of the allegedly infringing product. While reexamination could possibly take a long time, the reexamination in the present case does not appear to be especially complex. It involves only one patent containing one independent claim and one dependent claim, and five prior patents.

Thus, for the above reasons and in light of the policy favoring a stay of civil proceedings to allow the PTO to apply its expertise in determining the validity of a patent in light of prior art, see ASCII Corp. v. STD Entertainment USA, Inc., 844 F. Supp. 1378, 1381 (N.D. Cal. 1994), I will grant defendants' motion for a stay pending reexamination. Either party may of course notify me if the relevant circumstances change.

**IT IS THEREFORE ORDERED** that defendants' motion to stay the proceedings pending reexamination of U.S. Patent No. 6,688,501 by the PTO is **GRANTED**.

Dated at Milwaukee, Wisconsin this 22 day of October, 2008.


_____
/s
LYNN ADELMAN
District Judge

3