UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

SEAQUIST CLOSURES LLC,
          Plaintiff,

  v.                                                                         Case No. 08C0106

REXAM PLASTICS, et al.,
          Defendants.

## ORDER

Plaintiff Seaquist Closures LLC ("Seaquist") brought this suit against defendant Rexam Plastics, Rexam Closures and Containers, and Rexam, Inc. ("Rexam"), alleging that the design of a closure (the top of a bottle which dispenses product in ribbon form) manufactured by Rexam infringed its patent, Patent No. 6,688,501 ("the '501 patent"). Before me now is Rexam's motion for attorneys' fees.

The events forming the background of Rexam's motion are as follows: before Seaquist proceeded with the present action, it met with Rexam three times in an effort to resolve the dispute. However, the meetings did not result in a settlement, at which point Rexam, believing that the '501 patent was invalid based on prior art, asked the Patent & Trademark Office ("PTO") to reexamine it and requested that I stay the case pending the PTO's decision. Seaquist opposed a stay and sought to proceed with discovery. I granted the stay but authorized Seaquist to conduct limited discovery. Subsequently, the PTO granted Rexam's request for a reexamination of the '501 patent and recommended based on prior art that the patent be cancelled. Seaquist did not oppose the PTO's suggested action, stating that doing so would not make economic sense for it because of the limited

amount of money at stake. The PTO then issued a Notice of Intent to Issue Inter-Partes Reexamination Certificate, which when published would render the '501 patent invalid. At this point, Seaquist moved to dismiss its infringement action, and Rexam filed the present motion.

Title 35 U.S.C. § 285 authorizes me to award reasonable attorneys' fees to the prevailing party "in exceptional cases." The parties do not dispute that Rexam is a prevailing party. However, I may find a case exceptional only in a limited number of situations. I may find an infringement action exceptional if it is both (1) brought in subjective bad faith, and (2) objectively baseless. Brooks Furniture Mfg., Inc. V. Dutailier Int'l, Inc., 393 F.3d 1378, 1381 (Fed. Cir. 2005). I may also find such a case exceptional if the patentee commits misconduct in securing the patent or in conducting the litigation. McNeill-PPC, Inc. v. Perrigo Co., 337 F.3d 1362, 1371 (Fed. Cir. 2003). For a court to find a case exceptional, there must be clear and convincing evidence that it falls into such category. McNeill, 337 F.3d at 1371. However, even if I find a case exceptional, I should award fees only where it is necessary to prevent a gross injustice. See Forest Labs., Inc. v. Abbott Labs., 339 F.3d 1324, 1329 (Fed. Cir. 2003); see also Sulzer Textil A.G. v. Picanol N.V., 358 F.3d 1356, 1370 (Fed. Cir. 2004).

In determining whether a patentee brought an infringement action in subjective bad faith, a court must examine "the state of mind of the plaintiff at the time the action was commenced." Brooks, 393 F.3d at 1382. The court should be careful so as not to penalize a patentee for prosecuting a lawsuit. McNeill, 337 F.3d at 1372. This is so because infringement is often difficult to determine, and the fact that a party is incorrect does not mean it acted in bad faith. Brooks, 393 F.3d at 1384. Further, it is presumed that a

2

plaintiff that asserts infringement of a duly granted patent does so in good faith. Id. at 1382; see also Springs Willow Fashions LP v. Novo Indus., LP, 323 F.3d 989, 999 (Fed. Cir. 2003). Additionally, termination of an infringement action as soon as invalidity of the patent becomes manifest is evidence of good faith. Kastar, Inc v. K Mart Enterprises, Inc., 190 U.S.P.Q. 550, 555, 1976 WL 21021, at *5 (E.D.N.Y. 1976). A design patent is not infringed unless the alleged infringing design is in the eyes of an ordinary observer substantially identical to the patented design. Brooks, 393 F.3d at 1383.

Rexam contends that I should find Seaquist's action exceptional both because Seaquist should not have brought it in the first place and because Seaquist engaged in vexatious conduct in litigating the case. I reject both of Rexam's assertions and conclude that the case is not exceptional. First, as to whether Seaquist should have pursued the action, Rexam falls far short of establishing by clear and convincing evidence that Seaquist brought the case in subjective bad faith. The record contains no evidence that Seaquist did not honestly believe that Rexam's design infringed the '501 patent. Further, Rexam's design and the patented design are quite similar to the naked eye, a fact which further undermines the notion that Seaquist commenced the suit in bad faith. That Rexam advised Seaquist that it believed the '501 patent was invalid based on prior art (and that the PTO ultimately agreed) also does not establish bad faith. See Sheller-Globe Corp. v. Milsco Mfg. Co., 636 F.2d 177, 180 (7th Cir. 1980) (noting that a patent infringement plaintiff is entitled to seek a more explicit demonstration of invalidity than presentation of supposedly invalidating prior art by a source with a direct interest in the outcome of the infringement litigation). Defendants in patent cases commonly argue that a patent is invalid based on prior art. Moreover, the PTO based its conclusion that the '501 patent was

invalid on five patents, three of which Rexam had not presented to Seaquist in their pre-litigation meetings. Nothing in the record suggests that Seaquist did not genuinely believe that it could overcome Rexam's invalidity argument. Further, Seaquist quickly sought to terminate this action after the PTO made a recommendation. In sum, Rexam fails to present clear and convincing evidence that Seaquist brought this action or otherwise acted in bad faith. Thus, I need not discuss the issue of whether the suit had objective merit.

As stated, I also conclude that Seaquist did not commit misconduct in conducting the litigation or conduct it in a vexatious manner. First, there was nothing wrong with Seaquist's refusing to agree to the stay pending the PTO's re-examination. Seaquist, as a plaintiff, naturally wanted to proceed with its infringement action. It likely considered Rexam's re-examination request to be a tactical maneuver, and Rexam surely had no per se right to a stay. Nor did Seaquist conduct itself in a vexatious manner by proceeding with the limited discovery that I authorized. Once again, it believed that it was the aggrieved party and wanted to move ahead with its suit.

Thus, for the reasons stated, I conclude that the present case is not an exceptional one within § 285 and that an award of attorneys' fees to Rexam would not be appropriate. Thus, I will deny Rexam's motion for attorneys' fees, and, having addressed Rexam's only basis for objecting to Seaquist's motion to dismiss this case – that the issue of whether the case is exceptional was not yet resolved – I will grant Seaquist's motion to dismiss this case with prejudice.

**Therefore,**

**IT IS ORDERED** that Rexam's motion for attorneys' fees is **DENIED.**

4

**IT IS FURTHER ORDERED** that Seaquist's motion to dismiss this action is **GRANTED**, and this case is **DISMISSED WITH PREJUDICE.**

Dated at Milwaukee, Wisconsin this 9 day of June, 2009.

/s
LYNN ADELMAN
District Judge